UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUKE G. SAHS,**     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1379** |
| **LOYOLA UNIVERSITY, NEW ORLEANS,**     **Defendant** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Defendant Loyola University, New Orleans's ("Loyola") Motion for Stay Pending Appeal.[1] Plaintiff Luke G. Sahs ("Plaintiff") filed an opposition.[2] Loyola filed a reply.[3]

## BACKGROUND

This action stems from a Loyola Policeman's statements to a student journalist and that journalist's publication of an online article containing those statements.[4] On February 27, 2024, Plaintiff sued Loyola in the United States District Court for the Southern District of Florida for multiple alleged false and defamatory statements, negligence, and breach of contract.[5] Loyola responded with a motion to dismiss for failure to state a claim and for lack of personal jurisdiction.[6] On May 29, 2024, the Southern District of Florida found that it lacked personal jurisdiction over Loyola and transferred

---

[1] R. Doc. 66.
[2] R. Doc. 67.
[3] R. Doc. 72.
[4] R. Doc. 37 at ¶ 1.
[5] R. Doc. 1.
[6] R. Doc. 12.

1

this case to this Court.[7]

With leave of court,[8] Plaintiff filed a first amended complaint on September 23, 2024.[9] On October 21, 2024, Loyola filed an answer to Plaintiff's first amended complaint.[10] On October 22, 2024, Loyola filed a Louisiana Code of Civil Procedure article 971 Special Motion to Strike Plaintiff's first amended complaint.[11] On April 9, 2025, the Court denied Loyola's Special Motion to Strike Plaintiff's Complaint.[12] On April 30, 2025, Loyola filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit.[13] On May 1, 2025, Loyola moved to stay "discovery and all further proceedings in this action, pending Loyola's collateral-order appeal."[14]

## **LAW AND ANALYSIS**

Loyola seeks a stay of "discovery and all further proceedings in this action" pending appeal to the Fifth Circuit on the basis of Federal Rule of Civil Procedure 62.[15] It is Loyola's burden to demonstrate it is entitled to a stay.[16] The Court finds Loyola has failed to do so.

The United States Supreme Court has articulated the following factors to guide a district court's analysis of whether a stay is appropriate under Rule 62: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a

---

[7] R. Doc. 17.
[8] R. Doc. 36.
[9] R. Doc. 37.
[10] R. Doc. 40.
[11] R. Doc. 43.
[12] R. Doc. 64.
[13] R. Doc. 65.
[14] R. Doc. 66.
[15] R. Doc. 66-1 at p. 1.
[16] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) (first citing *Drummond v. Fulton Cnty. Dep't of Fam. & Child.'s Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976) (per curiam); then *Dendy v. Washington Hosp. Ctr.*, 581 F.2d 990, 992 (D.C. Cir. 1978) (per curiam); and then *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)).

stay will substantially injure [other interested parties]; and (4) where the public interest lies."[17] "The first two factors of the traditional standard are the most critical."[18] "A stay is not a matter of right, even if irreparable injury might otherwise result," but rather "[i]t is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"[19] "A stay pending appeal is 'extraordinary relief' for which defendants bear a 'heavy burden.'"[20] "Whether to grant or deny a stay pending appeal rests in the Court's discretion."[21]

I. **Loyola has not demonstrated a strong likelihood of success on the merits of its appeal.**

Loyola has failed to carry its burden on the first factor—that it has made a strong showing of success on the merits. "It is not enough that the chance of success on the merits be 'better than negligible.'"[22] "Success on [this] factor requires that the stay seeker make a *strong* not merely 'possible' showing."[23]

In support of this factor, Loyola argues there is a circuit split on the issue of whether anti-SLAPP statutes, like Louisiana Code of Civil Procedure Article 971, conflict with the federal rules and are therefore inapplicable in a federal court diversity action. Loyola cites to *Henry v. Lake Charles American Press, L.L.C.*, in which the Fifth Circuit

---

[17] *Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also United States v. Alisal Water Corp.*, 326 F. Supp. 2d 1032, 1039 (N.D. Cal. 2004) (noting a party seeking a stay under Rule 62(a) must meet the standard governing injunctions).
[18] *Nken*, 556 U.S. at 434.
[19] *Id.* at 433.
[20] *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (first citing *Vote.Org v. Callanen*, 39 F.4th 297, 300 (5th Cir. 2022); then *Nken*, 556 U.S. at 433-34; and then *Winston-Salem/Forsyth Cnty. Bd. of Ed. v. Scott*, 404 U.S. 1221, 1231 (1971)).
[21] *Innovention Toys, LLC v. MGA Ent., Inc.*, No. 07-6510, 2010 WL 11538657, at *1 (E.D. La. Apr. 14, 2010) (first citing *Arnold v. Garlock*, 278 F.3d 426, 438-39 (5th Cir. 1991); then *Ruiz*, 666 F.2d at 856).
[22] *Nken*, 556 U.S. at 434.
[23] *All. for Hippocratic Med. v. FDA*, No. 23-10362, 2023 WL2913725, at *4 (5th Cir. Apr. 12, 2023) (emphasis added).

3

stated, "Louisiana law, including the nominally-procedural Article 971, governs this diversity case."[24] The Court addressed the circuit split and *Henry* in its April 9, 2025 Order denying Loyola's Special Motion to Strike Plaintiff's Complaint.[25] There, as in this Order, the Court considered the circuit split and *Henry* and concluded that Article 971 does not apply in a federal court diversity action based on the Fifth Circuit's decision in *Klocke v. Watson*.[26] Loyola has not persuaded the Court it has a *strong* likelihood of success on appeal.

## II. Loyola has not demonstrated that it will be irreparably harmed absent a stay.

Loyola has not shown that it will suffer irreparable harm if the Court does not stay this case pending its appeal. For the second factor, "[t]he key word . . . is irreparable."[27] Injuries "in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."[28] The importance of the "irreparable harm" factor is "significantly reduced" if there is not a substantial likelihood of success on appeal.[29]

With respect to the second factor, Loyola states Article 971's purpose is to prevent "the chilling effect of meritless tort suits on the exercise of First Amendment rights," and "that '[t]he loss of First Amendment freedoms, for even minimal periods of time,

---

[24] 566 F.3d 164, 169 (5th Cir. 2009) (first citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); then *Welborn v. State Farm Mut. Auto. Ins. Co.*, 480 F.3d 685, 687 (5th Cir. 2007) (per curiam); and then *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999); and then *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1207 (9th Cir. 2005) (per curiam)).
[25] R. Doc. 64.
[26] 936 F.3d 240 (5th Cir. 2019); R. Doc. 64 at pp. 14-21.
[27] *Vallee v. Crown Equip. Corp. of Ohio*, No. 20-1571, 2022 WL 17978828, at *2 (E.D. La. Dec. 28, 2022) (quoting *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975)).
[28] *Id.*
[29] *Humphries v. OneBeacon Am. Ins. Co.*, No. 13-5426, 2014 WL 1330034, at *2 (E.D. La. Apr. 2, 2014) (citing *Arnold*, 278 F.3d at 441).

unquestionably constitutes irreparable injury.'"[30] Loyola argues Plaintiff's suit is meritless and that the chilling effect of Plaintiff's suit on its First Amendment rights is a irreparable harm.[31]

Loyola has not shown that Plaintiff's suit is meritless or that the proceedings in this suit have had a chilling effect on Loyola's exercise of First Amendment rights. Loyola relies on quotations from *Henry* on the importance of anti-SLAPP statues like Article 971 to show that it will be irreparably injured if this case is not stayed pending Loyola's appeal. However, Loyola does not explain how it will be irreparably harmed. It has made no showing of how further proceedings in this suit will chill its free speech rights or deprive it of its First Amendment rights. In the absence of this showing, Loyola has not proved that the second factor weighs in favor of a stay pending appeal.

### III. Issuance of a stay will substantially injure Plaintiff.

Like the first two factors, the third factor weighs against Loyola. Loyola argues the third factor weighs in its favor because a stay would "spare both parties from the time and expense of trial preparation and motion practice that Article 971 is designed to prevent."[32] Loyola notes that this case "is in its early stages" and that "formal discovery has not commenced."[33] Even so, Loyola represents that the parties have already exchanged a "large amount of evidence . . . through informal discovery."[34] In opposition, Plaintiff states that one of the allegedly defamatory articles at issue in Plaintiff's complaint is still

---

[30] R. Doc. 66-1 at pp. 4-5 (quoting *Henry*, 566 F.3d at 178, 180-81).
[31] *Id.*
[32] *Id.* at p. 5.
[33] *Id.* at p. 6.
[34] *Id.*

published online and constitutes a continuing harm.[35] A stay of this case would only delay resolution of this action and prolong the harm of the article's presence online.

"Although this proceeding is at an early stage, this Court cannot ignore the fact that Plaintiff[ ] [is] entitled to the right to litigate and redress [his] grievances."[36] If the article that Plaintiff complains of in his complaint is defamatory, then its continued availability online substantially injures Plaintiff and his reputation and a stay would serve only to further delay Plaintiff's relief from this injury. This action has been pending since February 27, 2024 and is still in its nascent stages.[37] It would be improper for the Court to further delay discovery. Moreover, Plaintiff has alleged causes of action in tort and breach of contract that do not implicate Article 971.[38] There is no reason to delay discovery because these claims will remain even if Loyola's appeal is successful. If Loyola does find some of Plaintiff's discovery to be unduly burdensome, Loyola is free to file a motion with the Court to seek judicial protection. Thus, the third factor weighs against issuance of a stay.

## IV.   The public interest does not favor a stay.

The final factor does not favor a stay. Loyola argues that the public interest favors a stay because a stay "will protect and support the very public interest and First Amendment rights at the heart of Article 971."[39] The Court finds that this case does not implicate the public interest because it is a dispute between a private individual and a

---

[35] R. Doc. 67 at p. 18; Kloe Witt, *Loyola Student Arrested in Dining Hall*, THE MAROON (Mar. 2, 2023), https://loyolamaroon.com/10037952/news/campus/loyola-student-arrested-in-dining-hall/.
[36] *Grant v. Houser*, 799 F. Supp. 2d 673, 679 (E.D. La. 2011).
[37] R. Doc. 1.
[38] R. Doc. 37 at ¶¶ 191-230; R. Doc. 67 at pp. 20-21.
[39] R. Doc. 66-1 at pp. 6-7.

private university.⁴⁰ This is not a case like *United States v. Baylor University Medical Center*, for example, in which the failure to implement a stay would have "seriously compromised" "[t]he interest of . . . Medicaid and Medicare recipients."⁴¹ In other words, there is no broad public interest at stake in this controversy necessitating a stay.

Because all four of the pertinent factors weigh against Loyola, the Court will not stay this case pending Loyola's appeal.

## CONCLUSION

**IT IS ORDERED** that Loyola's Motion for Stay Pending Appeal is **DENIED**.⁴²

**New Orleans, Louisiana, this 23rd day of May, 2025.**

                                            */s/ Susie Morgan*
                                              **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**

---

⁴⁰ *Ensco Offshore, LLC v. Cantium, LLC*, No. 24-371, 2024 WL 4058968, at *3 (E.D. La. Sept. 5, 2024) ("[T]he Court does not see how staying proceedings in this private contractual dispute would serve the public interest.").
⁴¹ 711 F.2d 38, 40 (5th Cir. 1983).
⁴² R. Doc. 66.