UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA BROUSSARD                                    CIVIL ACTION

VERSUS                                                            NO. 26-278

START CORPORATION                                      DIVISION 3

## SCHEDULING CONFERENCE NOTICE

A **SCHEDULING CONFERENCE** will be held by telephone on **Wednesday, April 1, 2026,** at **11:00 a.m.** for the purpose of scheduling a pre-trial conference and trial on the merits and for a discussion of the status and discovery cut-off dates.

**All parties are to call into the conference call at:**
**833-990-9400, Access Code: 872417962#**

The Court will be represented at the conference by its Case Manager. **TRIAL COUNSEL** are to participate in this conference. If, however, you are unable for good cause to do so, another attorney in your firm may participate if acquainted with all details of the case and authorized to enter into any necessary agreements. If for good cause neither is possible, you must file a Motion and Order to Continue at least one week prior to the above date.

All inquiries should be made with the case manager at (504) 589-7668.

## NOTICE

Counsel adding new parties subsequent to the mailing of this notice shall notify such new party to appear as required by this notice.

**If both sides agree that it is premature to do a rule 16 scheduling conference and upon good cause shown, the court may consider a joint request to statistically close the case and cancel the rule 16 conference, provided a written joint request is submitted to the court within ten days after issuance of this notice.**

Issued by: Reianda Rousseau
Case Manager, Division 3
(504) 589-7668
March 25, 2026

<u>IMPORTANT NOTICE TO COUNSEL</u>

<u>NOTICE OF COMPLIANCE WITH Fed. R. Civ. P. 26(a)(1) AND 26(f)</u> and Local Rule 26 and the corporate disclosure requirement of F.R.C.P. 7.1.

COUNSEL ARE TO COMPLY WITH THE DISCLOSURE REQUIREMENTS OF RULE 26(a)(1) AND 26(f).   COUNSEL ARE TO BE PREPARED TO ANSWER THE FOLLOWING QUESTIONS CONCERNING DISCLOSURE.

1.    Have all parties completed your Rule 26(a)(1) mandatory initial disclosures?

2.    Have all parties stipulated that initial disclosures under Rule 26(a)(1) will <u>not</u> be made in this case?

3.    Do any of the parties object to making Rule 26(a)(1) initial disclosures in this case?

4.    Have the corporate parties filed their Rule 7.1 corporate disclosure statements?