# United States Court of Appeals for the Fifth Circuit

No. 25-30263

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2026

Lyle W. Cayce
Clerk

LUKE G. SAHS,

*Plaintiff—Appellee*,

*versus*

LOYOLA UNIVERSITY NEW ORLEANS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-1379

Before RICHMAN, HIGGINSON, and OLDHAM, *Circuit Judges*.

PRISCILLA RICHMAN, *Circuit Judge*:

Luke Sahs, a former student, sued Loyola University New Orleans, asserting defamation and other claims. Loyola filed a "special motion to strike" Sahs' complaint based on Louisiana's anti-SLAPP statute.[1] The district court denied the motion, holding that the statute, Article 971, does not apply in federal court. We affirm.

[1] LA. CODE CIV. PROC. ANN. art. 971(A)(1) (2024).

## I

Luke Sahs formerly attended Loyola University (Loyola) in New Orleans. In February 2023, while a student, he traveled to Honduras on a school-sponsored trip. After returning, a Loyola student who was also on the trip reported Sahs to the New Orleans Police Department (NOPD) for stalking. The incident report included statements the student claimed Sahs made about his ability to build bombs, his ability to use a chemical agent to kill everyone in his dormitory building, and chemical burns he had. An arrest warrant was issued for Sahs for one count of misdemeanor stalking, and he was arrested.

After Sahs's arrest, Sergeant Damon Bell, an officer employed by Loyola, spoke to a student reporter for Loyola's newspaper. The reporter, Kloe Witt, recorded Bell's statements. Witt then wrote an article, which included the following passage:

> Loyola police said Sahs was in possession of chemical materials that can be used to kill people. LUPD said they believe he will be brought up on terroristic threat charges as well. LUPD said Sahs made social media posts about the student who completed the report, spreading personal information about them such as the individual's nationality and family.

About two weeks later, the faculty advisor to the newspaper edited and republished the article in response to a letter from Sahs's lawyer. This second article stated that the arrest "affidavit claimed Sahs was in possession of chemical materials that can be used to kill people."

The day after his arrest, Loyola sent Sahs an "Interim Suspension Notice" by email. Sahs withdrew from Loyola on April 20, 2023. The criminal stalking case against Sahs was dismissed in January 2024. There were no charges related to weapons or chemical materials filed against him.

In February 2024, Sahs sued Loyola. His amended complaint includes claims for slander, slander per se, defamation, defamation per se, defamation by implication, negligence, negligent infliction of emotional distress, vicarious liability, breach of contract, and breach of the covenant of good faith and fair dealing. Loyola filed a special motion to strike under Louisiana's anti-SLAPP statute, Louisiana Code of Civil Procedure Article 971 (Article 971). The district court denied the motion on the ground that "Article 971 may not be applied in a suit in federal court based on diversity jurisdiction." We have jurisdiction because "a district court's denial of a motion brought under an anti-SLAPP statute such as Article 971 is an immediately-appealable collateral order."[2]

The primary question before us is whether Article 971 applies in federal court. We hold that it does not.

## II

As an initial matter, we consider our jurisdiction in this interlocutory appeal. Loyola maintains that we have jurisdiction under 28 U.S.C. § 1291 and the collateral-order doctrine. It cites our decision in *Henry v. Lake Charles American Press, L.L.C.*[3] Sahs does not contend to the contrary, but we must nevertheless be assured that we have jurisdiction.

In *Henry* the defendant argued it was entitled to dismissal of defamation claims under Article 971 because the plaintiff had failed to establish a probability of success on the merits.[4] The district court denied

---

[2] *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009).

[3] 566 F.3d 164 (5th Cir. 2009).

[4] *See id.* at 168.

the motion.[5] Our court extensively examined whether we had jurisdiction over the ensuing interlocutory appeal based on *Cohen v. Beneficial Industrial Loan Corp.*[6] and subsequent Supreme Court decisions.[7] We held "that a district court's denial of a motion brought under an anti-SLAPP statute such as Article 971 is an immediately-appealable collateral order."[8] Our court subsequently held in *NCDR, L.L.C. v. Mauze and Bagby, P.L.L.C.*[9] that we had jurisdiction over an interlocutory appeal of a district court's denial of a motion to dismiss brought under the Texas anti-SLAPP statute, the Texas Citizen's Participation Act (TCPA).[10] In that case, we again extensively analyzed *Will v. Hallock*[11] and the *Cohen* factors.[12] In proceeding to decide the merits of the interlocutory appeal in *NCDR*, we noted that though one of the parties "argues on appeal that the TCPA does not apply in federal court because it conflicts with both FRCP 12(d) and Federal Rule of Appellate

---

[5] *Id.*

[6] 337 U.S. 541 (1949).

[7] *Henry*, 566 F.3d at 170-81.

[8] *Id.* at 181.

[9] 745 F.3d 742 (5th Cir. 2014).

[10] *Id.* at 752 (examining TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–27.011 (West 2011)); *see also id.* at 746 (explaining that the "TCPA is an anti-SLAPP statute that allows a claim to be dismissed when the defendant can show that the claim was brought to chill the exercise of First Amendment rights" (internal footnote omitted)).

[11] 546 U.S. 345 (2006).

[12] *NCDR*, 745 F.3d at 747-752.

Procedure ("FRAP") 4," the argument was forfeited because it was not presented in the district court.[13]

Other circuit courts examining various states' Anti-SLAPP statutes have come to differing conclusions as to whether there is interlocutory jurisdiction when a district court denies a motion to dismiss that involves such a statute. But there are differing rationales. For example, decisions of the Second and Tenth Circuits reflect that each of those courts has concluded there is appellate jurisdiction in some circumstances but not others. They have held that there is no appellate jurisdiction when the district court applied the state law's anti-SLAPP provisions and denied a motion to dismiss based on that state law. But, if the district court denied a motion to dismiss on the basis that a state anti-SLAPP law does not apply in federal court, then there was appellate jurisdiction.

The Second Circuit held in *Liberty Synergistics Inc. v. Microflo Ltd.*[14] that it had jurisdiction over a district court's denial of a motion to dismiss under California's anti-SLAPP law because all the requirements for an interlocutory appeal set forth in the Supreme Court's decision in *Will v. Hallock* were present.[15] Subsequently, the Second Circuit held it lacked jurisdiction to consider a district court's denial of a defendant's motion to strike under Vermont's anti-SLAPP statute because "[r]esolution of anti-SLAPP motions turn on . . . fact-based determinations" that were not truly separable from the plaintiff's claim.[16] The Second Circuit distinguished its

---

[13] *Id.* at 752.

[14] 718 F.3d 138 (2d Cir. 2013).

[15] *Id.* at 146-51.

[16] *Ernst v. Carrigan*, 814 F.3d 116, 121-22 (2d Cir. 2016) (citing *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996)).

decision in *Liberty Synergistics*, explaining that its prior decision did not reach the question of "whether an order passing on the merits of an anti-SLAPP motion is immediately appealable under the collateral order doctrine," but was "'concerned only with the immediate appealability of an order that a state anti-SLAPP statute does not apply at all to a federal diversity case where the suit is transferred to a federal court in another state and the cause of action is governed by that other state's law.'"[17]

The Tenth Circuit held it had interlocutory appellate jurisdiction in *Los Lobos Renewable Power, LLC v. Americulture, Inc.*[18] In that case, the district court denied a motion to dismiss, concluding that New Mexico's anti-SLAPP statute did not apply in federal court in a diversity suit because it was a procedural provision.[19] Subsequently, in *Coomer v. Make Your Life Epic LLC*,[20] the Tenth Circuit held that district court orders denying anti-SLAPP motions brought under Colorado's statute necessarily turn on the merits of the lawsuit, and therefore there was no interlocutory jurisdiction.[21] The Tenth Circuit asserted that its ruling was "consistent with" its decision in *Los Lobos*, reasoning that in the latter case, "the separability requirement was met because the issue of 'whether federal courts can apply the New Mexico anti-SLAPP statute' is an 'abstract question of federal law' that had 'nothing

---

[17] *Id*. at 122 (quoting *Liberty Synergistics*, 718 F.3d at 150 n.11).

[18] 885 F.3d 659, 668 (10th Cir. 2018).

[19] *Id*. at 661-62.

[20] 98 F.4th 1320 (10th Cir. 2024).

[21] *Id.* at 1329.

to do with the particular facts in [that] case' and depended 'on considerations entirely external to the dispute between Plaintiffs and Defendants.'"[22]

The First Circuit has held in two decisions that it had jurisdiction over interlocutory appeals regarding Maine's anti-SLAPP statute.[23] The Eleventh Circuit has also concluded it had jurisdiction over an appeal from the denial of a motion to dismiss under Georgia's anti-SLAPP statute.[24]

The Ninth Circuit, sitting en banc, has disagreed with our holding in *Henry*, and similar holdings from other circuits. It has held there is no jurisdiction over an interlocutory appeal from the denial of a motion based on California's Anti-SLAPP statute.[25]

As can be seen, arguments could be brought to bear that our decision in *Henry* may be distinguishable. But we conclude that we are bound by that

[22] *Id*. (alteration in original) (quoting *Los Lobos Renewable Power*, 885 F.3d at 665).

[23] *See Franchini v. Investor's Bus. Daily, Inc.*, 981 F.3d 1, 6-7 (1st Cir. 2010) (holding "we have interlocutory jurisdiction" after considering Maine's anti-SLAPP statute); *Godin v. Schencks*, 629 F.3d 79, 84 (1st Cir. 2010).

[24] *See Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1353 (11th Cir. 2014) ("[w]e conclude we have appellate jurisdiction under the collateral order doctrine" to review a district court's order denying a motion to dismiss under Georgia's anti-SLAPP statute).

[25] *See Gopher Media LLC v. Melone*, 154 F.4th 696, 699 (9th Cir. 2025) (en banc) ("Upon reexamination, we now conclude that a district court's denial of a motion to strike under the California anti-SLAPP statute does not satisfy the requirements for an interlocutory appeal under the collateral order doctrine. We reach this conclusion because such an order does not resolve issues 'completely separate from the merits of the action' and does not render the decision 'effectively unreviewable on appeal from a final judgment.'" (quoting *Will v. Hallock,* 546 U.S. 345, 349 (2006)).

decision under our rule of orderliness. We therefore exercise jurisdiction over this interlocutory appeal.

**III**

Many states have passed statutes to address "Strategic Lawsuits Against Public Participation" (SLAPPs), which are lawsuits brought to chill First Amendment rights.[26] These "anti-SLAPP" statutes often provide a mechanism for early dismissal of meritless lawsuits.[27] Louisiana passed its anti-SLAPP statute, Article 971, to "encourage continued participation in matters of public significance" and to prevent such participation from being "chilled through abuse of the judicial process."[28] The statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.[29]

As this court has described:

> Article 971 establishes a burden-shifting analysis for weeding out frivolous claims. To succeed on an Article 971 motion, the defendant must first make a prima facie showing that Article 971 covers the activity underlying the suit. That is, the defendant must "establish[ ] that a cause of action against him arises from an act by him in furtherance of the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." If

---

[26] *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009).

[27] *See id.*

[28] 1999 La. Acts 734.

[29] La. Code Civ. Proc. Ann. art. 971(A)(1) (2024).

the defendant makes this showing, "the burden then shifts to the plaintiff to demonstrate a probability of success on his claim."[30]

Making an *Erie* guess regarding Louisiana law, this court has postulated that "a non-movant's burden under Article 971 is functionally equivalent to that under Rule 56."[31] "Thus, to avoid dismissal on an Article 971 motion to strike, [the plaintiff] need only establish a genuine dispute of material fact."[32]

The statute awards attorney's fees and costs to a prevailing party on a special motion to strike.[33] It includes a ninety-day deadline for filing the special motion from the service of the petition, though the court has the discretion to extend that deadline.[34] Additionally, the statute provides that all discovery will be stayed while the motion to strike is pending, but the court, "on noticed motion and for good cause shown, may order that specified discovery be conducted."[35]

Loyola argues the district court erred in holding that Article 971 does not apply in federal court. Loyola points to this court's decision in *Henry v. Lake Charles American Press, L.L.C.*[36] and urges us to follow its lead. In *Henry*, this court stated: "Louisiana law, including the nominally-procedural

---

[30] *Henry*, 566 F.3d at 170 (alteration in original) (citation omitted) (first quoting *Starr v. Boudreaux*, 2007-0652 (La. App. 1 Cir. 12/21/07), 978 So.2d 384, 388-89, then quoting *Starr*, 978 So.2d at 389).

[31] *Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir. 2016).

[32] *Id.*

[33] La. Code Civ. Proc. Ann. art. 971(B) (2024).

[34] *Id.* art. 971(C)(1).

[35] *Id.* art. 971(D).

[36] 566 F.3d 164 (5th Cir. 2009).

Article 971, governs this diversity case."[37] We note that in the briefing in the *Henry* case, both parties assumed that Article 971 applied. Parties may forfeit an argument that state law does not apply because it conflicts with federal procedural law. We so held in *NCDR, L.L.C. v. Mauze and Bagby, P.L.L.C.*,[38] specifically with regard to an argument that anti-SLAPP laws do not apply in diversity cases.[39]

In cases decided after *Henry*, our court has suggested that its cursory statement regarding the governing law did not constitute a holding that binds future panels.[40] We agree. We therefore proceed to decide the merits of this appeal.

---

[37] *Id.* at 168–69.

[38] 745 F.3d 742 (5th Cir. 2014).

[39] *Id.* at 752-753.

[40] *See Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir. 2016) ("We do not conclusively resolve today whether Article 971 applies in diversity cases. Instead, we assume that it does apply . . . ." (citation omitted)); *Block v. Tanenhaus*, 867 F.3d 585, 589 & n.2 (5th Cir. 2017) (collecting cases post-*Henry* noting that the applicability of state anti-SLAPP statutes in federal court was an "open question" and mentioning the possibility that *Henry* assumed without deciding the issue); *Mitchell v. Hood*, 614 F. App'x 137, 139 n.1 (5th Cir. 2015) ("Because we decide this case on alternative grounds, we need not decide whether Louisiana's anti-SLAPP law is appropriately asserted in a federal diversity case."); *but see Lozovyy v. Kurtz*, 813 F.3d 576, 582-83 (5th Cir. 2015) (stating that in *Henry* "this court appeared to recognize that application of Article 971 does not create an *Erie* problem when we held that 'Louisiana law, including the nominally-procedural Article 971, governs this diversity case'" but also declining to "revisit *Henry's* pronouncement on this point" since it was not raised in the district court (quoting *Henry*, 566 F.3d at 168-69)); *Klocke v. Watson*, 936 F.3d 240, 248-49 (5th Cir. 2019), *as revised* (Aug. 29, 2019) (discussing why *Henry* did not determine the panel's decision regarding the Texas anti-SLAPP statute and stating the court was "not bound by a non-argued, *undecided* issue in another case [*Henry*] interpreting another state's dissimilar statute" (emphasis added)); *Brown v. Wimberly*, 477 F. App'x 214, 216 (5th Cir. 2012) (unpublished) ("This court has adopted the use of the statute [Article 971] in federal court under *Erie.*" (citing *Henry*, 566 F.3d at 168-69)).

The question is whether Article 971 conflicts with Federal Rules of Civil Procedure 12 and 56. "[A] valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test."[41] Therefore, "when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether."[42] Instead, the courts asks first "whether the Federal Rule 'answers the question in dispute.'"[43] "If a Federal Rule answers the disputed question, it governs, unless it 'exceeds statutory authorization or Congress's rulemaking power.'"[44]

**A**

Article 971 answers the same question as Federal Rules 12 and 56. A state rule and a federal rule "'answer the same question' when each specifies requirements for a case to proceed at the same stage of litigation," and "a state rule conflicts with a federal procedural rule when it imposes additional procedural requirements not found in the federal rules."[45] The Supreme Court's decisions in *Shady Grove Orthopedic Associates, P.A. v. Allstate*

[41] *Berk v. Choy*, 607 U.S. 187, 192 (2026).

[42] *Id.*

[43] *Id.* (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)).

[44] *Id.* (quoting *Shady Grove*, 559 U.S. at 398).

[45] *Klocke*, 936 F.3d at 245.

*Insurance Co.*[46] and *Berk v. Choy*[47] as well as our decision in *Klocke v. Watson*[48] are instructive.

In *Shady Grove*, the Supreme Court examined a New York statute that prohibited class actions in suits in which penalties or statutory minimum damages were sought.[49] The statute answered the same question as Rule 23: "whether a class action may proceed for a given suit."[50] The state statute imposed additional requirements for bringing a class action that were not present in Rule 23, and it thus conflicted with the federal rules.[51]

The Supreme Court's recent decision in *Berk v. Choy* involved the conflict between Federal Rule of Civil Procedure 8 and a Delaware law that required an affidavit to be filed with a complaint that alleged medical malpractice.[52] The Supreme Court concluded that the federal rule and the state law addressed the same issue: "the information that a plaintiff must provide about the merits of his claim at the outset of litigation."[53] The Delaware law "demand[ed] more" than Rule 8 and "impose[d] a different standard."[54] The state law imposed an evidentiary requirement at the pleadings stage in conflict with the federal rules.[55]

---

[46] 559 U.S. 393 (2010).

[47] 607 U.S. 187 (2026).

[48] 936 F.3d 240 (5th Cir. 2019), *as revised* (Aug. 29, 2019).

[49] 559 U.S. at 396.

[50] *Id.* at 401.

[51] *Id.* at 400-01, 406.

[52] 607 U.S. at 190-93.

[53] *Id.* at 196.

[54] *Id.* at 194-95.

[55] *Id.*

In *Klocke*, we addressed the Texas anti-SLAPP statute. We concluded that it answered the same question as Rules 12 and 56: "what are the circumstances under which a court must dismiss a case before trial?"[56] We noted that "the Federal Rules impose comprehensive, not minimum, pleading requirements. . . . '[T]here is no room for any other device for determining whether a valid claim supported by sufficient evidence [will] avoid pretrial dismissal.'"[57] We also explained that the Texas statute imposed "evidentiary weighing requirements not found in the Federal Rules" and "operate[d] largely without pre-decisional discovery" unlike Rule 56.[58] The statute accordingly conflicted with both Rules 12 and 56.[59]

Like the Texas statute in *Klocke*, Louisiana's anti-SLAPP statute answers the same question as Rules 12 and 56: when can an action be dismissed before trial? Loyola states that its Article 971 motion "does not even impact, much less conflict with Rule 12." Loyola notes that it "did not seek a dismissal on Sahs's complaint alone," and the submission of evidence by both parties in this case "would effectively convert a Rule 12 motion to

---

[56] *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019), *as revised* (Aug. 29, 2019); *cf. Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1354 (11th Cir. 2018) ("[T]he Federal Rules and the Georgia anti-SLAPP statute address the same question: whether a complaint states a valid claim supported by sufficient evidence to warrant a trial on the merits."); *but see Godin v. Schencks*, 629 F.3d 79, 89 n.16 (1st Cir. 2010) ("The similarities between [the anti-SLAPP statute] and Rules 12 and 56 as mechanisms to efficiently dispose with meritless claims before trial occurs does not resolve the issue. Such an abstracted framing of the breadth of the Federal Rules is inappropriate.").

[57] *Klocke*, 936 F.3d at 247 (second alteration in original) (quoting *Carbone*, 910 F.3d at 1351); *see also Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1334 (D.C. Cir. 2015) ("Rules 12 and 56 help form 'an integrated program' for determining whether to grant pre-trial judgment in cases in federal court." (quoting *Makaeff v. Trump University, LLC*, 715 F.3d 254, 274 (9th Cir. 2013) (Kozinski, C.J., concurring))).

[58] *Klocke*, 936 F.3d at 246.

[59] *Id.*

dismiss into a Rule 56 summary-judgment motion in any event."[60] Loyola seems to urge the court to define the "question" Article 971 asks as: when can an action be dismissed before trial based on the parties' presented evidence?

The Ninth Circuit, which has applied parts of California's similar anti-SLAPP statute in federal court,[61] has recognized the overlap between the statute and both Rule 12 and Rule 56. It "review[s] anti-SLAPP motions to strike under different standards depending on the motion's basis."[62] When the motion to strike "challenges only the legal sufficiency of a claim," the court applies the Rule 12(b)(6) standard, but when the motion to strike "challenges the factual sufficiency of a claim," then the court applies the Rule 56 standard.[63] This two-pronged approach seems in part a response to the state statute's provision on discovery, which is generally stayed under both the California[64] and Louisiana[65] anti-SLAPP statutes. The Ninth

---

[60] *See* FED. R. CIV. P. 12(d)).

[61] *See U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999); *see also Lozovyy v. Kurtz*, 813 F.3d 576, 584 (5th Cir. 2015) (noting that "Louisiana courts have recognized the similarity between Article 971 and California's anti-SLAPP statute and have looked to California precedent in interpreting Louisiana's provisions").

[62] *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018).

[63] *Id.* at 834.

[64] CAL. CIV. PROC. CODE § 425.16(g) (West 2024) ("All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision.").

[65] LA. CODE CIV. PROC. ANN. art. 971(D) (2024) ("All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article. The stay of discovery shall remain in effect until notice of entry of the order ruling

Circuit has held that two sections of the California anti-SLAPP statute cannot apply in federal court: the section that requires filing of the motion to strike 60 days after the complaint was filed and the section that issues an automatic stay of discovery.[66] The Louisiana anti-SLAPP statute contains similar provisions.[67] The Ninth Circuit concluded that the extra discovery burdens in those provisions conflict with Rule 56.[68] Therefore, in cases where the court applies the Rule 56 standard, "discovery must be allowed . . . . A contrary reading of these anti-SLAPP provisions would lead to the stark collision of the state rules of procedure with the governing Federal Rules of Civil Procedure . . . . In this context, . . . the federal rules of procedure will prevail."[69]

In support of Loyola's proposed framing of the issue, Article 971 contemplates both sides submitting some evidence, stating that the "court shall consider the pleadings and supporting and opposing affidavits."[70] However, the statute does not require the submission of such affidavits, and

---

on the motion. Notwithstanding the provisions of this Paragraph, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.").

[66] *See Planned Parenthood*, 890 F.3d at 833 (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-46 (9th Cir. 2001)); Cal. Civ. Proc. Code § 425.16(f)-(g) (West 2024) ((f): "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing.").

[67] La. Code Civ. Proc. Ann. art. 971(C)-(D) (2024) ((C): "(1) The special motion may be filed within ninety days of service of the petition, or in the court's discretion, at any later time upon terms the court deems proper. . . . (3) The motion shall be noticed for hearing not more than thirty days after service unless the docket conditions of the court require a later hearing.").

[68] *Metabolife Int'l*, 264 F.3d at 846.

[69] *Planned Parenthood*, 890 F.3d at 834.

[70] La. Code Civ. Proc. Ann. art. 971(A)(2) (2024).

it provides for the stay of discovery while the motion to strike is pending.[71] The statute does not fit neatly into either Rule 12 or 56, as the Ninth Circuit has recognized with the similar California statute. Rather, it conflicts with both by providing a different answer to the question of when a suit may be dismissed before trial, and it imposes additional requirements beyond those in the federal rules.

Article 971 imposes an additional burden to Rule 12 because it requires a plaintiff to demonstrate a genuine issue of material fact, the standard burden under Rule 56,[72] while Rule 12 only requires the plaintiff to plausibly state a claim for relief.[73] Even accepting Loyola's more limited framing that Article 971 addresses dismissal based on evidence, "the Federal Rules already prescribe a mechanism for putting a plaintiff to his proof: a motion for summary judgment."[74]

Unlike its Texas counterpart in *Klocke*, Article 971 does not impose a different evidentiary burden than Rule 56;[75] it imposes the same burden on plaintiffs as a summary judgment motion would. Because Article 971 "provides the same standard as Rule 56," "there is no conflict on that basis."[76] However, this court has left open whether Article 971 imposes additional burdens on the plaintiff in other aspects, including its burden-

---

[71] *Id.* art. 971(D).

[72] *See Block v. Tanenhaus*, 815 F.3d 218, 221 (5th Cir. 2016).

[73] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[74] *Berk v. Choy*, 607 U.S. 187, 197 (2026).

[75] *See Klocke v. Watson*, 936 F.3d 240, 248-49, 248 n.7 (5th Cir. 2019), *as revised* (Aug. 29, 2019).

[76] *Block*, 815 F.3d at 221.

shifting framework and its discovery provision.[77] In *Tah v. Global Witness Publishing, Inc.*,[78] the D.C. Circuit re-evaluated its holding that the D.C. anti-SLAPP statute does not apply in federal court after the D.C. Court of Appeals explained that the anti-SLAPP statute imposes the same standard as Rule 56, contrary to the D.C. Circuit's previous interpretation of the statute.[79] The court in *Tah* ultimately adhered to its previous ruling because the anti-SLAPP statute conflicted with the federal rules in two other ways: (1) the statute's burden-shifting framework and (2) its limitations on discovery.[80] Article 971 conflicts with Rule 56 in those same ways.

First, Article 971's burden-shifting framework conflicts with Rule 56. Rule 56 imposes on the movant the initial burden to show there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law,[81] but Article 971 requires only a prima facie showing that a movant's activities were "constitutionally protected and in connection with a public issue."[82] While the non-movant's burden is the same under both standards, Article 971 requires less from the movant to force a plaintiff to their proof. This is similar to the statute in *Shady Grove* that tracked Rule 12 in part but then

---

[77] *See id.* at 221 n.3 (declining to address the issue of whether "Article 971's burden-shifting dynamic, discovery prevention, and mandatory attorney's fees cause Article 971 to conflict with Rule 56" because the plaintiff forfeited the issue by failing to brief it).

[78] 991 F.3d 231 (D.C. Cir. 2021).

[79] *Id.* at 238-39.

[80] *Id.* at 239.

[81] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a).

[82] *Shelton v. Pavon*, 2017-0482 (La. 10/18/17), 236 So. 3d 1233, 1237.

imposed additional requirements.[83] Here, Article 971's burden-shifting framework imposes additional requirements beyond those of Rule 56.[84]

Second, Article 971's discovery provision conflicts with Rule 56. As discussed above, the Ninth Circuit has recognized that a similar discovery provision in the California anti-SLAPP statute cannot apply in federal court because it conflicts with Rule 56.[85] In *Klocke*, we held that the Texas anti-SLAPP statute conflicts with the Federal Rules in part because it "operates largely without pre-decisional discovery."[86] In *Tah*, the D.C. Circuit concluded that the D.C. anti-SLAPP statute's discovery-limiting provision conflicted with Federal Rule 56, "under which full discovery is the norm, not the exception."[87] Additionally, the Eleventh Circuit discussed the discovery-limiting provision in Georgia's anti-SLAPP statute as one way in which the statute conflicted with Rule 56.[88]

On the other hand, in *Godin*, the First Circuit reasoned that the Maine anti-SLAPP statute's discovery-limiting provision was consistent with Rule 56(d) because if a federal court would allow discovery under Rule 56(d), that would constitute "good cause" necessary to obtain discovery under the state

---

[83] *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400-01 (2010).

[84] *Cf. Cuba v. Pylant*, 814 F.3d 701, 720 (5th Cir. 2016) (Graves, J., dissenting) (discussing how the Texas anti-SLAPP statute imposes a different burden-shifting framework than that of Rule 56 as one reason for why it conflicts with Rule 56); *but see Godin v. Schencks*, 629 F.3d 79, 88-89 (1st Cir. 2010) (noting that the Maine anti-SLAPP statute "shift[ed] the burden to plaintiff to defeat the special motion" and finding that the statute did not conflict with the Federal Rules).

[85] *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).

[86] *Klocke v. Watson*, 936 F.3d 240, 246 (5th Cir. 2019), *as revised* (Aug. 29, 2019).

[87] *Tah v. Glob. Witness Publ'g, Inc.*, 991 F.3d 231, 239 (D.C. Cir. 2021).

[88] *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350-51 (11th Cir. 2018).

statute.[89] Loyola argues that Article 971's discovery provision "does not materially differ from Rule 56(d)," that Sahs agreed to stay discovery under Article 971 in the district court, and that "discovery is unnecessary" because the material evidence in this case is undisputed. Loyola does not explain how the provision does not conflict with the Federal Rules beyond its conclusory statement that the provision does not "materially differ" from Rule 56. The reasoning in *Godin* would lead us to rewrite the law and make an "exception . . . available only 'for good cause shown' . . . the rule."[90] Most circuits have concluded that an anti-SLAPP statute's limits on discovery conflict with Rule 56's allowance of discovery, and Article 971's discovery provision is no different.[91]

Following the reasoning in *Shady Grove*, *Berk*, and *Klocke*, Article 971 answers the same question as Rules 12 and 56 and imposes additional requirements to the federal rules. Article 971 thus conflicts with the federal rules and should not apply in federal court unless the federal rules violate the Rules Enabling Act.

---

[89] *Godin*, 629 F.3d at 90-91.

[90] *Berk v. Choy*, 607 U.S. 187, 196 (2026); *see* LA. CODE CIV. PROC. ANN. art. 971(D) (2024).

[91] *Cf. Berk*, 607 U.S. at 197 ("The problem, however, is that the Federal Rules already prescribe a mechanism for putting a plaintiff to his proof: a motion for summary judgment. And that does not offer defendants the protection they want, because before ruling on the motion, the court must allow the nonmovant 'adequate time for discovery.'" (citation omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))).

### B

We follow *Klocke*'s holding that Federal Rules 12 and 56 are valid under the Rules Enabling Act.[92] The rules "really regulate[] procedure,"[93] and since they are valid, the rules apply, not Article 971.

* * *

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[92] *Klocke v. Watson*, 936 F.3d 240, 247-48 (5th Cir. 2019), *as revised* (Aug. 29, 2019).

[93] *Berk*, 607 U.S. at 198 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)).

Andrew S. Oldham, *Circuit Judge*, dubitante:

I agree that Louisiana's anti-SLAPP statute does not apply in federal court. *See* La. Code Civ. Prov. Ann. art. 971(A)(1). It is unclear to me, however, how we have interlocutory appellate jurisdiction. As the Supreme Court has explained, the collateral order doctrine extends only to an order "completely separate from the merits of the action." *Will v. Hallock*, 546 U.S. 345, 349 (2006). Loyola University's anti-SLAPP motion, by contrast, *is* the merits of the action. Moreover, we do not have interlocutory jurisdiction to review the denial of motions under Federal Rules of Civil Procedure 12 and 56. *E.g.*, *Ramirez v. Escajeda*, 921 F.3d 497, 499 (5th Cir. 2019); *Davis v. McKinney*, 518 F.3d 304, 310 (5th Cir. 2008). So it is unclear how or why we would have interlocutory jurisdiction to review the denial of state-law motions that displace those Federal Rules. *See also Frias v. Hernandez*, 142 F.4th 803, 812 (5th Cir. 2025) (Oldham, J., concurring) (emphasizing oddity of using state law to expand appellate jurisdiction of federal courts). Even the Ninth Circuit—which is far from the model when it comes to this question, *see Gopher Media LLC v. Melone*, 154 F.4th 696, 709–21 (9th Cir. 2025) (en banc) (Bress, J., concurring in the judgment)—has recognized this much, *see id.* at 699 (majority opinion) (dismissing for lack of jurisdiction).